ALTENBERND, Judge.
Ms. Shannon appeals a postjudgment order in this dissolution of marriage proceeding. The order required Mr. Shumate, as administrator of his own retirement plan, to pay interest on a delayed distribution under a Qualified Domestic Relations Order (QDRO). We agree with the trial court's decision to require a reasonable payment of interest, but conclude that the trial court inadvertently chose an incorrect date from which to calculate interest.
The trial court entered a final judgment of dissolution of marriage in this case on December 5, 1988. The judgment includes a QDRO directed to the plan administrator of the Shumate Storage Employee Savings and Profit Sharing Plan. Shumate Storage Center, Inc., is a family business, and Mr. Shumate is the retirement plan’s administrator. The trial court determined that the plan had an enhanced marital value of $185,024, and required Mr. Shumate to distribute 50% of the enhanced value, i.e., $92,512, to Ms. Shannon. This amount was required to be paid “in one lump sum as soon as administratively feasible after the Plan Administrator has determined that this Order is a Qualified Domestic Relations Order.”
Mr. Shumate did not distribute the lump sum amount until February 1990, more than fourteen months after the entry of the QDRO. He claims that it was not “administratively feasible” to distribute the lump *309 sum amount because in 1989 the IRS audited the plan and decided it was not in compliance with federal tax laws. The plan did not come into compliance until September 30, 1989. He argues that the plan should only be required to pay interest from September 30,1989, through the date of actual distribution. Ms. Shannon sought interest from the date of the final order through the date of distribution. Without explanation, the trial court ordered interest from June 27, 1990.[1]
At least under the facts of this case, we agree that the trial court had the discretion to award additional interest from a date that would normally have been an administratively feasible date to distribute the proceeds of the plan. In accordance with 29 U.S.C.S. § 1056(d)(3)(G) (1990),[2] we conclude that the final judgment specifies an “administratively feasible” period to give the plan administrator the opportunity to notify participants and make the necessary arrangements to allow for an orderly distribution. If the husband, in his role as plan administrator, could avoid a payment of interest to his former wife by permitting his plan to remain out of compliance with federal tax requirements, he could effectively increase his own retirement fund with the earnings derived from his wife’s retirement fund, while denying her the earnings from her own fund. In order to avoid such an unfair windfall to the husband, we reverse the order and remand to the trial court with directions to order the husband to pay interest on the proceeds from the last date that the court determines to fall within the normal period of “administrative feasibility.” Whether such a period would last a few days or a few weeks cannot be established from this record.
Reversed and remanded with directions.
HALL, A.C.J., and PATTERSON, J., concur.

. In the wife’s motion to determine interest on this payment, her attorney calculated a total sum from the date of the final judgment through June 27, 1990, and then requested a per diem amount for days thereafter. Thus, we assume that the trial court intended to grant relief along the lines suggested by the wife. From this record it does not appear that the parties gave the trial court an opportunity to clarify this matter prior to filing this appeal.

. 29 U.S.C.S. § 1056(d)(3)(G)(i)-(ii) (1990) states, in part:
(G)(i) In the case of any domestic relations order received by a plan—
(I) the plan administrator shall promptly notify the participant and each alternate payee of the receipt of such order and the plan’s procedures for determining the qualified status of domestic relations orders, and
(II) within a reasonable period after receipt of such order, the plan administrator shall determine whether such order is a qualified domestic relations order and notify the participant and each alternate payee of such determination.
(ii) Each plan shall establish reasonable procedures to determine the qualified status of domestic relations orders and to administer distributions under such qualified orders.